**SPENCER FANE LLP**
**Theresa C. Becerra** (State Bar No. 205338)
201 Santa Monica Blvd., Suite 550
Santa Monica, CA 90401
Telephone:  424.217.1830
Facsimile:  424.217.1854
Email:  tbecerra@spencerfane.com

**SPENCER FANE LLP**
**Blair M. Jacobs** (*Pro Hac Vice*)
**Christina A. Ondrick** (*Pro Hac Vice*)
**John S. Holley** (*Pro Hac Vice Pending*)
1101 Pennsylvania Avenue N.W., Suite 300
Washington, D.C. 20004
Telephone:  816.474.8100
Facsimile:  816.474.3216
Email:  bjacobs@spencerfane.com
condrick@spencerfane.com
jholley@spencerfane.com

Attorneys for Plaintiff
NETGEAR, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD., <br><br> Defendant. | Case No. 2:24-cv-00824-AB(AJRx) <br><br> **PLAINTIFF NETGEAR INC.'S APPLICATION FOR LEAVE TO FILE DECLARATION OF BLAIR M. JACOBS IN SUPPORT OF MOTION FOR ORDER FOR ALTERNATIVE SERVICE UNDER SEAL** <br><br> Date: 04/26/2024 <br> Time: 10:00 a.m. <br> Courtroom: 350 West First Street <br> Courtroom 7B <br> Los Angeles, CA 90012 <br> Jud. Officer: Hon. Andre Birotte Jr. |

Pursuant to Central District Civil Local Rule 79-5.2.2(a), Plaintiff NETGEAR, INC. ("NETGEAR") submits this Application for Leave to File the Declaration of Blair M. Jacobs in Support of Motion for Order for Alternative Service under seal ("Application"). This Application is accompanied by the

required declaration, a proposed order, and redacted and un-redacted versions of Mr. Jacobs' declaration.

## I.   INTRODUCTION

On May 27, 2022, NETGEAR and Defendant Huawei Technologies Co., Ltd. ("Huawei") entered into a non-disclosure agreement related to certain negotiations between the parties (the "NDA"). In order to honor its obligations under the NDA and protect its confidential business information, NETGEAR requests that the Court grant this Application.

## II.   ARGUMENT

Exhibit 3 to the Declaration of Blair M. Jacobs in Support of Motion for Order for Alternative Service ("Jacobs Motion Declaration") includes information concerning the parties' negotiations and further contains sensitive business and negotiation information that NETGEAR believes is covered by the NDA between the parties and that should be sealed. Under Local Rule 79-5.2.2(a), a party seeking leave to file a document under seal must file a declaration (1) establishing good cause or demonstrating compelling reasons why the strong presumption of access in civil cases should be overcome, with citations to the applicable legal standard, and (2) informing the Court whether anyone opposes the application. L.R. 79-5.2.2(a)(i). Plaintiff has filed the Declaration of Blair M. Jacobs in Support of Plaintiff Netgear, Inc.'s Application for Leave to File Under Seal ("Jacobs Sealing Declaration") with this Application.

Good cause exists to seal the confidential business information contained in Jacobs Motion Declaration. NETGEAR believes that certain information is subject to the NDA and must be sealed. *See Hubrick Ltd. v. Wanderset, Inc.*, No. CV 18-7980 SJO (RAOx), 2019 WL 3000652, at *3-6 (C.D. Cal. Mar. 19, 2019). NETGEAR has redacted all information in Exhibit 3 concerning the parties' negotiations and left unredacted other information. Further, because NETGEAR

believes that confidential information in the Jacobs Motion Declaration is subject to the NDA, compelling reasons exist to permit sealing.  *Id.*  The protection of confidential business information subject to an NDA, such as non-public financial and negotiation information, provides a compelling reason for sealing court records.  *Id.*; *see also In re ConAgra Foods, Inc.*, No. cv-11-5379, 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014) ("A demonstration that public disclosure of internal financial information will cause competitive harm to a party's business constitutes a compelling reason that justifies sealing.").  Pursuant to these standards, the Jacobs Motion Declaration should be sealed as NETGEAR believes it contains certain non-public information that is subject to the NDA.

The Jacobs Motion Declaration contains confidential business information that NETGEAR believes is subject to the NDA and that could be used by NETGEAR's and/or, on information and belief, Huawei's competitors for improper purposes.  The parties entered into the NDA on May 27, 2022, during negotiations regarding licensing certain patents.  Section 1.1. of the NDA defines "Confidential Information" as "any and all non-public business, financial, technical, or other information, including without limitation, any licensing proposal or counter proposal," and Section 4.1of the NDA prohibits either party from disclosing the other party's Confidential Information.  Section 3.1 of the NDA also provides that "any Confidential Information or Restricted Confidential Information may be used by the Parties, and shall not be inadmissible as a result of this Agreement, Rule 408 of the U.S. Federal Rule of Evidence, or any other similar statutes and rules if applicable, in any legal proceeding including the Proceedings between the Parties for the purpose of resolving any disputes arising out of the Discussions, subject to the Recipient's obligations to seek a protective order or other similar means to maintain the confidentiality of such Confidential Information or Restricted Confidential Information."  NETGEAR's sealing request seeks to comply with the

1  NDA.

2      This confidential business information, if made public, could subject
3  NETGEAR to liability for breach of its obligations under the NDA. Disclosure
4  could also harm NETGEAR's and/or, on information and belief, Huawei's
5  competitive standing as it would allow competitors or third party implementers of
6  Huawei's purported standard essential patents to see the parties' negotiation and
7  business strategies. As a result, the Court should grant this Application.

8      In addition, NETGEAR has made best efforts to narrowly tailor the
9  Application. For example, NETGEAR has provided very limited proposed
10 redactions to the Jacobs Motion Declaration. The redactions allow the public access
11 to non-sensitive information and none of the information relevant to the Motion for
12 Order for Alternative Service has been redacted.

13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## III. CONCLUSION

For the foregoing reasons, NETGEAR respectfully requests that the Court seal the portions of the Blair Motion Declaration identified by NETGEAR.

Dated: March 13, 2024

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Theresa C. Becerra
Blair M. Jacobs
Christina A. Ondrick
John S. Holley
Theresa C. Becerra

*Attorneys for Plaintiff*
NETGEAR, INC.