Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

J. Hoke Peacock, III, *pro hac vice forthcoming*
tpeacock@susmangodfrey.com
Shawn L. Raymond, *pro hac vice forthcoming*
sraymond@susmangodfrey.com
Hunter Vance, *pro hac vice forthcoming*
hvance@susmangodfrey.com
Larry Liu, *pro hac vice forthcoming*
lliu@susmangodfrey.com
Julia Risley, *pro hac vice forthcoming*
jrisley@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Katherine Peaslee, Bar No. 310298
kpeaslee@susmangodfrey.com
Steve Seigel, *pro hac vice forthcoming*
sseigel@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Attorneys for Defendant
Huawei Technologies Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| NETGEAR, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HUAWEI TECHNOLOGIES CO., LTD.,<br><br>Defendant. | Case No. 2:24-cv-824 AB (AJRx)<br><br>**DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FOR ALTERNATIVE SERVICE**<br><br>**Date:** 04/26/2024<br>**Time:** 10:00 a.m.<br>**Place:** 350 West First Street<br>Courtroom 7B<br>Los Angeles, CA 90012<br>**Jud. Officer:** Hon. Andre Birotte Jr. |

## I. INTRODUCTION

The Ninth Circuit requires that alternative service be *necessary* under the circumstances of a case. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Alternative service is not necessary here. Netgear concedes it has never attempted service on Huawei – meaning Huawei is not evading service – and Huawei has voluntarily provided Netgear with a signed waiver of service form. *See* Ex. 1, 2 at 1.[1]

Though Netgear's opening brief represents that Netgear affirmatively "asked HUAWEI to waive service of the Complaint," and that Huawei "refused." Dkt. 39-1 at 2-3, Netgear has since backtracked: Netgear now admits that Netgear "*could have* requested that Huawei waive service of process, but Netgear chose not to and that request was never made." Ex. 3 at 1 (written correspondence between the parties dated April 5, 2024, following the filing of Netgear's motion) (emphasis by Netgear). Netgear's admission underscores the obvious: Huawei cannot possibly have refused a request to waive service that Netgear now admits it never made. Netgear made a tactical decision not to request a waiver of service from Huawei – which Netgear at last acknowledges – yet told the Court it **did** seek such a waiver in order to try to get approval for alternative service. This alone warrants denial of Netgear's motion. Compounding the problem, Netgear failed to attempt any other form of service on Huawei. Netgear's opening brief makes clear that although it "apprised" certain individuals at Huawei about the complaint, Netgear did not attempt service of those individuals via any recognized means of service.

Netgear presumably did not want to ask for a waiver under Rule 4(d) so that it could leapfrog to a motion for alternative service and shorten the time for Huawei to file its responsive pleading to the Complaint. But Rule 4(f) was not designed to be used this way.

---

[1] All exhibits are attached to the Declaration of Kalpana Srinivasan, filed concurrently herewith, unless otherwise specified.

Shortly after being retained for this lawsuit, Huawei's U.S. outside counsel reached out to Netgear's outside counsel to discuss its motion, including the misstatement that Huawei had refused waiver, and communicated Huawei's willingness to waive service to avoid further burdening the Court. Netgear said it wanted to continue pursuing its motion for alternative service. On April 1, Huawei's outside counsel supplied Netgear with a waiver of service, dated from March 27, the day Huawei made its offer to waive service. *See* Ex. 1, 2 at 1. Netgear now claims that because it never requested a waiver of service from Huawei – even though it told the Court the opposite just weeks ago – Rule 4(d) does not apply. Ex. 3 at 1 ("[N]o such request for waiver under Rule 4(d) was ever 'sent' by Netgear.").

Netgear cannot (1) fail to attempt formal service, (2) fail to request a waiver of service, and (3) jump to motion practice seeking court intervention when Huawei has agreed to waive service and respond to the lawsuit in accordance with Rule 4(d). Huawei does not seek to evade service; to the contrary, it has waived service here pursuant to Rule 4(d) – as it has done many times in other cases – which provides it 90 days to respond. *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.").

There is nothing unique about Netgear or its lawsuit that warrants deviating from the Ninth Circuit's requirements. Nor should the Court permit Netgear to deny Huawei the time provided in the Federal Rules to respond simply by refusing to send Huawei a proper request for waiver. The Court should deny Netgear's motion and enter an order setting Huawei's deadline to respond to Netgear's Complaint for June 25, which is 90 days from the date Huawei offered in writing to waive service.

## II.  FACTUAL BACKGROUND

On January 31, 2024, Anna Lam, in-house counsel at Netgear, emailed Emil Zhang, Head of Huawei's European IPR Department, with a redacted copy of

1  Netgear's complaint, asking "who NETGEAR's United States counsel should contact
2  regarding this matter." Dkt. 39-2, Ex. 3 at 9. Zhang asked Lam to clarify whether she
3  was "looking for someone to speak with regarding the lawsuit." *Id.* at 8.

4  Lam responded and asked, "can Huawei agree to forego potential significant
5  expenses associated with formal service or efforts of alternative service by agreeing
6  to accept service in exchange for a 45 day extension on filing an Answer or otherwise
7  responding to the U.S. Complaint?" *Id.* at 7. She did not send Huawei a waiver
8  request under Rule 4(d) or explain why she was offering 45 days for a foreign
9  defendant to "accept service" – neither of which are provided for under the law.

10  Upon returning from his family vacation before and during the Chinese New
11  Year, Zhang responded by asking Lam to clarify what she meant by accept service:
12  "With respect to your question about whether Huawei will agree to accept service,
13  do you instead mean waive service?" *Id.* at 5–6. He also asked what Lam meant when
14  she indicated "alternative service has already been effectuated in the U.S. action" and
15  to explain "[w]hen and how [Netgear] believe[d] [it] served Huawei." *Id*. at 6. Zhang
16  further explained that he is not "a U.S. lawyer [himself], and because Huawei has not
17  yet hired a U.S. law firm," Zhang needed to know more about Netgear's position. *Id*.

18  When Lam replied, she did not answer Zhang's questions regarding
19  (1) whether Netgear was asking Huawei to waive service or (2) how "alternative
20  service has already been effectuated." *Id.* at 4–5. She instead said: "[S]hould we not
21  hear from you before the end of this week we will move forward with asking the
22  Court to declare that service through alternative means is acceptable . . . ." *Id.* at 5.
23  Zhang replied, asking again whether Netgear sought a waiver of service. *Id.* at 4.

24  Lam again responded without clarifying whether she was requesting a waiver
25  of service. *See id.* at 2–3. And she did not send any of the required materials under
26  Rule 4(d). Instead, she asserted that "Huawei refuses to waive service and/or agree
27  to timely set a date to respond to the Complaint." *Id.* at 3. Zhang responded by stating
28  that he disagreed with what Lam had described in the previous email and noting his

"unanswered questions." *Id.* at 1. Seven days later and without replying to Zhang's email, Netgear filed its Motion for Order for Alternative Service. Dkt. 39.

In mid-March, Huawei retained Susman Godfrey as outside counsel. Susman Godfrey reviewed Netgear's filings and the parties' correspondence. On March 26, Kalpana Srinivasan, newly retained counsel for Huawei, contacted Blair Jacobs, counsel for Netgear. She subsequently reached out by email on March 27, explaining that Netgear's "brief does not reflect the state of play between the parties based on the very correspondence Netgear has cited": the brief incorrectly states that Netgear "'asked HUAWEI to waive service of the Complaint,' and that Huawei 'refused.'" Ex. 4. She also noted the Rule 4(d)(1) requirements for requesting waiver of service, which had not been met, but stated that "Huawei is willing to waive service" under Rule 4(d) with a proper request. *Id.* Outside counsel for the parties spoke on March 28. Netgear indicated that it wanted to rest on its Rule 4(f) motion notwithstanding Huawei's willingness to waive service. *See* Ex. 2 at 1 (referencing phone call).

To avoid burdening this Court, on April 1, Huawei emailed a signed waiver of service dated March 27 to Netgear's counsel indicating that, pursuant to Rule 4(d)(3), Huawei's deadline to answer or otherwise respond to Netgear's complaint should be June 25, 2024. *See* Ex. at 1, 2 at 1. Under that rule, a defendant has 90 days from the date that the request for waiver was sent to them outside of any United States jurisdiction to respond. Because Netgear never requested a waiver for service under 4(d), Huawei used the date when counsel for Huawei informed Netgear that Huawei was willing to waive service (March 27) as the date from which the 90 days runs on its signed waiver form. *See* Ex. 1, 4. Netgear to date has not filed the waiver with the Court.

Mid-afternoon on April 5, the day of this filing, Netgear counsel informed Huawei counsel that Netgear intends to pursue its motion notwithstanding Huawei's signed waiver of service. *See* Ex. 3 at 1–2. In its email, Netgear cited caselaw never raised in its brief and from district courts outside of this Circuit for the proposition

that it need not request a waiver under Rule 4(d) in order to obtain alternative service. *See id.* The only one of those cases to address alternative service is wholly inapposite because it involved a defendant evading the plaintiff's service attempts, a situation far different than this one. The other cases did not deal with alternative service at all. *See infra,* p. 8.

Netgear's email conceded, contrary to the claim in its motion, that it never requested a waiver of service under Rule 4(d) – which is the only means of waiver provided under the Federal Rules. *See* Ex. 3 at 1. Netgear now contends that Huawei's waiver was ineffective and Netgear can pursue alternative service – despite the absence of any caselaw from this Circuit supporting that position and the clear lack of necessity for alternative service under the circumstances given Huawei's signed waiver of service.

### III.  ARGUMENT

#### A.  The Court should deny Netgear's motion as moot because alternative service is not necessary.

In the Ninth Circuit, a plaintiff seeking an order for alternative service must show "that the facts and circumstances of the . . . case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1016; *see also Kinsley Tech. Co. v. AshleyDevice*, No. 2:22-cv-4803-ODW (KSx), 2022 WL 17184870, at *4 (C.D. Cal. Oct. 19, 2022) (denying request for alternative service on foreign defendants because the plaintiff "has not made adequate attempts to effectuate service through other methods, and accordingly, the 'particularities and necessities' of this case do not require alternative service of process" (citation omitted)); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 3:18-cv-297, 2018 WL 1757776, at *2 (S.D. Cal. Apr. 11, 2018) (denying alternative service where circumstances did not "necessitate the Court's intervention").

Netgear has not attempted any form of service, and Huawei has agreed to waiver of service. Alternative service is not necessary. Netgear cannot artificially

create necessity by ignoring Huawei's waiver. Yet that is exactly what it attempts to do, burdening this Court with this motion in an effort to prevent Huawei from receiving the 90 days to respond to which it is entitled pursuant to its properly executed waiver. *See* Fed. R. Civ. P. 4(d)(3).

Far from seeking to evade service, Huawei has a consistent history of returning service waivers to save the parties the expense of service. *See, e.g., VoIP-Pal.com, Inc. v. Huawei Techs. Co.*, No. 3:23-cv-151, Dkt. 13 (N.D. Tex. Jan. 20, 2022) (Huawei received 90 days to respond to complaint after waiving service); *Logantree LP v. Huawei Techs. USA, Inc.*, No. 6:21-cv-119, Dkt. 9 (E.D. Tex. Apr. 29, 2021) (same); *Rock Creek Networks, LLC v. Huawei Techs. Co.*, No. 6:21-cv-290, Dkt. 6 (W.D. Tex. May 21, 2021) (same); *WSOU Invs., LLC v. Huawei Techs. Co.*, No. 6:20-cv-916, Dkt. 15 (W.D. Tex. Oct. 16, 2020) (same); *Longhorn HD LLC v. Huawei Techs. Co.*, No. 2:19-cv-212, Dkt. 15 (E.D. Tex Jul. 15, 2019) (same); *L3Harris Techs. v. Huawei Device USA, Inc.*, No. 2:18-cv-439, Dkt. 16 (E.D. Tex. Feb. 15, 2019) (same); *Realtime Data LLC v. Huawei Techs. Co.*, No. 6:18-cv-182, Dkt. 11 (E.D. Tex. May 21, 2018) (same); *Diff Scale Operation Research, LLC v. Huawei Techs. Co.*, No. 2:18-cv-062, Dkt. 10 (E.D. Tex. Mar. 28, 2018) (same). Likely aware of this, Netgear acknowledges it could have asked Huawei to waive service but chose not to do so.

That Huawei is not seeking to evade service of process underscores why alternative service is unwarranted here. In *Rio Properties, Inc. v. Rio International Interlink* – cited by Netgear – the Ninth Circuit affirmed the district court's grant of a motion for alternative service after the plaintiff "presented the district court with its inability to serve an elusive international defendant, striving to evade service of process." 284 F.3d at 1012, 1016.

However, when a defendant is not striving to evade service, courts deny motions for alternative service. *See Moldex Metric, Inc. v. Swedsafe AB*, No. 2:18-cv-3502-JFW (AGRx), 2018 WL 6137578, at *2 (C.D. Cal. June 1, 2018) (denying

motion for alternative service where there was no evidence defendant was attempting to evade service); *Methinx Ent., LLC v. Ent. Magpie Ltd.*, No. 2:21-cv-1049, 2021 WL 3510378, at *3–4 (W.D. Wash. Aug. 10, 2021) (denying motion for alternative service where plaintiffs "fail[ed] to show an 'inability to serve an elusive international defendant, striving to evade service of process.'" (citation omitted)); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 880–81 (N.D. Cal. 2011) (denying motion for alternative service and distinguishing *Rio Properties* because "[plaintiff] has not presented any facts to suggest that [defendants] are evading service"); *Jimena v. UBS AG Bank*, No. 1:07-cv-367, 2010 WL 2465333, at *10, 12 (E.D. Cal. June 10, 2010) (denying motion for alternative service where the plaintiff made no showing that the defendant was attempting to evade service of process); *U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.*, No. 2:07-cv-1221, 2007 WL 3012612, at *2 (W.D. Wash. Oct. 11, 2007) (denying motion for alternative service and stating, "Plaintiff cites no reason why the methods specified by FED. R. CIV. P. 4(f)(1) and (2) would be ineffective, unlike *Rio Properties* where the defendant was 'elusive' and 'striving to evade service of process.'" (citation omitted)).

Although Netgear relies heavily on *FemtoMetrix, Inc. v. Huang*, No. 8:22-cv-1624-CJC (KESx), 2023 WL 3564758 (C.D. Cal. Feb. 15, 2023), in that case the "[d]efendants present[ed] as 'elusive' and 'striving to evade service of process.'" 2023 WL 3564758, at *2 (citing *Rio Props.*, 284 F.3d at 1016). Here, Huawei was not asked to waive service pursuant to Rule 4(d) but after seeing Netgear's motion provided a signed waiver to Netgear. *See* Ex. 2 at 1, 3. Alternative service is unnecessary. Additionally, to the extent Netgear still claims as it did in communications with Huawei, *see* Dkt. 39-2, Ex. 3 at 6, that Netgear has already effectuated alternative service, that is incorrect. A plaintiff cannot effectuate alternative service prior to a court's order allowing alternative service. *See Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004); *Solid Host, NL v. NameCheap, Inc.*, No. 2:08-cv-5414-MMM (EX), 2009 WL 10671491, at *2 (C.D. Cal. Aug. 11,

2009) ("Rule 4(f)(3) does not permit a party to attempt alternative service without court approval and then seek the court's validation of its efforts after the fact . . . .").

Finally, none of the out-of-circuit cases Netgear cited to Huawei in Netgear's April 5 email correspondence (but never raised in its motion to this Court) supports allowing alternative service here. *See* Ex. 3 at 1–2 (citing *Noble Sec., Inc. v. Ingamar Co.*, No. 1:21-cv-1372, 2021 WL 2012508, at *2–3 (E.D.N.Y. May 20, 2021); *Puzzangara v. Evans Assocs.*, No. 2:10-cv-76, 2011 WL 2273726, at *3 (E.D. Pa. June 9, 2011); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1357–58 (S.D. Fla. 2008); *Budget Rent A Car Sys. Inc. v. Miles*, No. 2:04-cv-1205, 2005 WL 1106335, at *3 (S.D. Ohio May 9, 2005)). In *Noble Security*, the court cited caselaw for the proposition that a court's intervention is necessary when a party appears to be evading service and found that "Plaintiffs have reasonably attempted to effect service on Defendant and that the Court's intervention is necessary." 2021 WL 2012508, at *5. That is not what has transpired here. Netgear has not made any attempt to serve Huawei, and Huawei is not evading service. Further, notwithstanding its grant of alternative service, the *Noble* court granted a 90-day extension of time for the foreign defendant to answer the complaint – the same time period that would have been available under Rule 4(d) (and as the Court should order here). *Id*. at *7.

The courts' decisions in *Puzzangara* and *Powell* are even further afield: these cases dealt with disputes over attorneys' fees and costs and say nothing about the availability of alternative service under Rule 4(f). 2011 WL 2273726, at *3; 548 F. Supp. 2d at 1356. And *Budget* addressed a defendant's contention under Fed. R. Civ. P. 12(b)(5) that the Court should dismiss a complaint for insufficiency of service of process. 2005 WL 1106335, at *3. It, too, has no bearing on whether Netgear can obtain alternative service. Huawei is not evading service and has in fact returned a signed waiver, and thus this Court's intervention is not necessary.

### B. Netgear cannot use its desire for a faster schedule than that created by the Federal Rules as a basis for alternative service.

"[T]he desire for expedience and efficiency alone is not sufficient to justify alternative service." *Amazon.com, Inc. v. Tian*, No. 2:21-cv-159, 2022 WL 486267, at *2 (W.D. Wash. Feb. 17, 2022); *see also Fourte Int'l*, 2018 WL 1757776, at *2 (denying alternative service where "Plaintiffs only argue[d] that the requested alternative methods of service are the most efficient and effective methods of service"); *U.S. Aviation Underwriters*, 2007 WL 3012612, at *2 (denying motion for alternative service where plaintiff sought "to use Rule 4(f)(3) simply because it 'will be much faster, thus moving this case forward in an expeditious and cost-effective manner,'" than service through the Hague Convention (record citation omitted)). Given Huawei's waiver of service under Rule 4(d), Netgear's only basis for requesting alternative service is to shorten the time for Huawei to respond. That is not a legitimate basis for seeking the remedy of alternative service.

Here, Netgear did not seek waiver of service under Rule 4(d) or respond to Huawei's questions regarding the same. As Netgear itself concedes, Netgear "*could have* requested that Huawei waive service of process, but Netgear chose not to." Ex. 3 at 1. *See* Dkt. 39-2, Ex. 3. Any delay in service is not of Huawei's making and cannot provide a basis for alternative service. *See Tevra Brands LLC v. Bayer Healthcare LLC*, No. 5:19-cv-4312, 2020 WL 3432700, at *5 (N.D. Cal. June 23, 2020) (denying motion for alternative service where delays in service through the Hague Convention were due to plaintiff's errors or plaintiff's vendor's errors and stating that "[u]sing Rule 4(f)(3) because 'it will be much faster . . . by itself is not sufficient justification for the Court to authorize service by alternative method" (citing *Jimena*, 2010 WL 2465333, at *10)).

## IV. CONCLUSION

For the forgoing reasons, this Court should deny Netgear's motion for an order for alternative service and should enter an order setting Huawei's deadline to respond to Netgear's Complaint as June 25, 2024.

Dated: April 5, 2024                    SUSMAN GODFREY L.L.P.


By: */s/ Kalpana Srinivasan*
Kalpana Srinivasan

Kalpana Srinivasan, Bar No. 237460
ksrinivasan@susmangodfrey.com
Michael Gervais, Bar No. 330731
mgervais@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

J. Hoke Peacock, III, *pro hac vice forthcoming*
tpeacock@susmangodfrey.com
Shawn L. Raymond, *pro hac vice forthcoming*
sraymond@susmangodfrey.com
Hunter Vance, *pro hac vice forthcoming*
hvance@susmangodfrey.com
Larry Liu, *pro hac vice forthcoming*
lliu@susmangodfrey.com
Julia Risley, *pro hac vice forthcoming*
jrisley@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Katherine Peaslee, Bar No. 310298
kpeaslee@susmangodfrey.com
Steve Seigel, *pro hac vice forthcoming*
sseigel@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Attorneys for Defendant
Huawei Technologies Co., Ltd.*