**SPENCER FANE LLP**
**Theresa C. Becerra** (State Bar No. 205338)
201 Santa Monica Blvd., Suite 550
Santa Monica, CA 90401
Telephone: 424.217.1830
Facsimile: 424.217.1854
Email: tbecerra@spencerfane.com

**SPENCER FANE LLP**
**Blair M. Jacobs** *(Pro Hac Vice)*
**Christina A. Ondrick** *(Pro Hac Vice)*
**John S. Holley** *(Pro Hac Vice)*
1101 Pennsylvania Avenue N.W., Suite 300
Washington, D.C. 20004
Telephone: 816.474.8100
Facsimile: 816.474.3216
Email: bjacobs@spencerfane.com
       condrick@spencerfane.com
       jholley@spencerfane.com

Attorneys for Plaintiff
NETGEAR, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUAWEI TECHNOLOGIES CO., LTD.,<br><br>　　　　Defendant. | Case No. 2:24-cv-00824-AB(AJRx)<br><br>**PLAINTIFF NETGEAR INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER FOR ALTERNATIVE SERVICE**<br><br>Hearing:<br><br>Date:　　　　04/26/2024<br>Time:　　　　10:00 a.m.<br>Location:　　350 West First Street<br>　　　　　　　Courtroom 7B<br>　　　　　　　Los Angeles, CA 90012<br><br>Action Filed:　01/30/2024<br>Trial Date:　　TBD<br>Jud. Officer:　Hon. Andre Birotte Jr. |

///

///

///

## I.  INTRODUCTION

The Opposition filed by Defendant Huawei Technologies Co., Ltd. ("Huawei") relies on an overly narrow misdescription of the Ninth Circuit's holding in *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ("*Rio Properties*"), to create a straw man argument that alternative service is not required here. While it is true that the Ninth Circuit held that alternative service is based on a determination of "particularities and necessity" of a given case, the Ninth Circuit did *not* create a requirement that a party must be deemed to be evading service for alternative service under Federal Rule of Civil Procedure ("Rule") 4(f)(3) to be appropriate. Huawei's overstated argument ignores the facts that have transpired to date in this case in a strategic effort to unfairly extend their answer date.

Huawei is also wrong that an improperly manufactured service misusing Rule 4(d)(1) impacts the requested relief. That rule expressly states that a plaintiff like NETGEAR *may* request a defendant to waive service of a summons. NETGEAR made no such request, and Huawei's efforts to twist NETGEAR's words demonstrate the fallacy of its argument. Contrary to Huawei's sophism, NETGEAR's reference to Huawei's "waiving service," viewed in fair and proper context, was merely referring to Huawei's Head of Intellectual Property Rights, Emil Zhang, refusing to accept service despite receiving several emails requesting that Huawei accept service rather than forcing service through the Hague Convention.

Huawei's out-of-context manipulation of a single word fails because the parties agree that *no offer to waive service* under Rule 4(d) was ever extended. Huawei's improper twisting of a single word presumably flows from a desire to avoid this Court ordering alternative service under Rule 4(f)(3). But Rule 4(d) is permissive, not mandatory, and the decision of whether to allow alternative means of service is committed to the sound discretion of the Court irrespective of Rule 4(d).

Not only does Huawei's argument fail in light of clear guidance from the Ninth Circuit in *Rio Properties,* but it also has been rejected by other courts. In *Noble Sec.,*

*Inc. v. Ingamar Co.*, No. 21-CV-1372 (MKB), 2021 WL 2012508, at *2–3 (E.D.N.Y. May 20, 2021), a Taiwanese defendant raised the same argument that Huawei raises here–that alternative service was not warranted because defendant was willing to waive service "in exchange for ninety days extension of time to respond" and plaintiff's refusal to accept a Rule 4(d) offer to waive service. *Id.* at *3. The district court in *Noble Securities* rejected the argument advanced here, noting that "[d]efendant cites no authority for the proposition that plaintiffs are required to either request a waiver of service or accept defendant's conditional offer to do so." *Id.* Huawei's request finds no legal support.

Huawei is fundamentally wrong that NETGEAR must first attempt formal service or request a waiver before filing a motion seeking alternative service. Opp. Br. at 2. To the contrary, the Ninth Circuit has explained that the "advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means." *Rio Properties*, 284 F.3d at 1015. The entire premise of Huawei's argument is thus refuted by the Ninth Circuit, by a well-established body of precedent from other districts, and by advisory committee notes to Rule 4(f)(3). Finally, Huawei's introduction of Rule 4(d)(3), contrived by Huawei only *after* NETGEAR's motion was filed, fails because that subsection of Rule 4 applies only if a request is *sent* pursuant to 4(d)(1) *and*, separately, if a waiver is filed under 4(d)(4). Neither predicate event has occurred, so Huawei's manufactured effort to delay service further fails.

Huawei ignores the facts in arguing that this case is not unique. Opp. Br. 3. This case is unique because it relates to numerous ongoing suits filed by Huawei seeking, among other things, injunctive relief against NETGEAR in Germany, the Unified Patent Court, and China.[1] Alternative service is necessary here because

---

[1] Huawei filed patent infringement lawsuits against NETGEAR seeking injunctive relief to prevent NETGEAR from selling its products in various jurisdictions throughout the world. Dkt. 1 at 111. To date, Huawei has launched six cases in total: (i) two cases in the German Regional Court filed on March 2, 2022; (ii) two cases in

1  NETGEAR has taken many steps to serve known Huawei representatives and counsel
2  in the United States and China, only to have such attempts rebuffed or ignored.

3  As evidenced by the materials attached to NETGEAR's opening brief and Huawei's opposition, there is no dispute that Huawei is aware of the Complaint. As such, any alternative form of service selected by this Court will indisputably provide notice and an opportunity to respond, thus satisfying due process. *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). The Court should grant NETGEAR's motion and enter an order permitting NETGEAR to serve Huawei via hand delivery, email, or registered or certified mail to its known counsel.

## II. **ARGUMENT**

### A. NETGEAR'S Motion is Not Moot

Huawei's argument relies upon the unsupported contention that "Netgear has not attempted any form of service." Opp. Br. at 6. This contention is belied by the facts. As detailed at length in NETGEAR's opening brief, attempts at service have been made since early February 2024, with multiple copies of the Complaint being sent to Huawei representatives and known U.S. counsel. Opening Br. at 1-3. As the Ninth Circuit concluded in *Rio Properties,* "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Rio Properties*, 284 F. 3d at 1015. "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id.* at 1015.

Huawei's contention that NETGEAR has not attempted service is incorrect. Viewed through the correct prism, Huawei's contention is reduced to an argument that "Huawei has agreed to service." Br. at 6. This argument, like Huawei's flawed service argument, fails because NETGEAR is not required to utilize the Rule 4(d) waiver process. *See Puzzangara v. Evans Assocs.*, No. 10-CV-00076, 2011

---

the Jinan Intermediate People's Court of China filed on May 10, 2022; (iii) and two cases in the Unified Patent Court ("UPC"), Local Division, in Munich, on July 3, 2023, and November 23, 2023, respectively. *Id.*

WL2273726, at *3 (E.D. Pa. June 9, 2011) ("Rule 4(d)(1) . . . states that plaintiffs 'may' request service of process, indicating that it is permissive"); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1357–58 (S.D. Fla. 2008) ("While Defendants cite [Rule] 4(d) for the proposition that parties to an action have a duty to save costs of service, they provide no legal authority stating that [p]laintiffs are obligated to use the waiver process outlined in the Rule. In fact, [p]laintiffs are not obliged to use the waiver procedure under Rule 4(d) (citing *Budget Rent A Car Sys. Inc. v. Miles*, No. 04-CV-1205, 2005 WL 1106335, at *3 (S.D. Ohio May 9, 2005))." *See also Budget Rent A Car Sys.,* 2005 WL 1106335, at *3 ("[Plaintiff] correctly points out that [Rule] 4(d) does not require it to utilize waivers of service Rather, Rule 4(d) is permissive.….").

As can be seen, Huawei's argument that NETGEAR should be forced to accept its unsolicited waiver of service stands rebutted by the established case law cited above. Although not necessary to resolve this motion, Huawei's contention that "this motion is an effort to prevent Huawei from receiving the 90 days to respond to which it is entitled pursuant to its **properly executed waiver**" is flat wrong because Huawei possesses no such entitlement. Opp. Br. at 7 (emphasis added). First, the literal language of Rule 4(d)(3) does *not authorize* Huawei 90 days to answer. The rule only permits 90 days to answer when a waiver "was **sent to the defendant** outside any judicial district of the United States." Fed. R. Civ. P. 4(d)(3). Huawei provides no proof that a waiver request was sent outside of the United States because that never happened. Similarly, Huawei's "properly executed waiver" argument fails because Rule 4(d)(4) expressly requires the *filing* of a waiver for it to be properly executed. Neither NETGEAR nor Huawei has filed a waiver, so Rule 4 cannot apply.

Finally, Huawei's argument that it is "not seeking to evade service" rings hollow when the true facts of exchanges between the parties is examined. Opp. Br. at 8-9. As outlined in NETGEAR's opening brief, a copy of the Complaint was first sent to Huawei's Head of Intellectual Property Rights ("IPR") with a request to

identify U.S. counsel on January 31, 2024. Op. Br. at 1-2 (citing Declaration of Blair Jacobs, Exhs. 1-2). Numerous follow-up attempts were made directly with Huawei's Head of IPR throughout February and March 2024, each requesting that Huawei agree to accept service of the Complaint in exchange for a negotiated extension rather than force the protracted, unnecessary, and expensive Rule 4(f)(1) process of service through the Hague Convention.[2] Op. Br. at 2-3. Huawei refused to accept service on each occasion, wrongly contending that NETGEAR *must* first attempt service under the Hague Convention before alternative forms of service were permissible. Op. Br. at 2 (citing Jacobs Decl., Exh. 3). Huawei's delays were compounded by NETGEAR's sending of the Complaint to various known U.S.-based and Chinese counsel. Op. Br. at 3. These counsel were each provided a copy of the Complaint and related materials by email. None of the contacted counsel agreed to assist in facilitating service.

As can be seen, Huawei strived to evade service of process for more than forty (40) days of frequent contacts and requests. NETGEAR has reasonably attempted to effect service on Huawei, and Huawei has evaded those attempts by wrongly contending that attempted service under the Hague Convention was necessary before alternative service could be ordered.

In short, Huawei provides no legal precedent showing that its contrived and unsolicited last minute attempt to waive service (offered only after the opening brief seeking alternative service was served) can somehow unilaterally circumvent the Court's discretion under Rule 4(f)(3). Not only does the *Noble Security* case refute Huawei's position, but the Ninth Circuit's *Rio Properties* decision affirms the failings of Huawei's position. Indeed, Huawei's opposition brief attempts to sidestep an ample body of case law favoring service by alternative means by arguing that

---

[2] Huawei does not dispute that service of process under the Hague Convention in China can take one to two years. Op. Br. at 8 (Exh. 18). Nor does Huawei dispute that a one- to two-year delay for service under the Hague Convention would have a negative material impact on NETGEAR's claims, given the unique urgency of this case. *Id.*, n.3.

"Netgear has not made any attempt to serve Huawei. . . ." Opp. Br. at 9. Among others, this fundamental misunderstanding permeates Huawei's brief, thus exposing the weakness of Huawei's position. Huawei can only be referring to "formal" service, as there can be no dispute that NETGEAR attempted to informally serve Huawei when it furnished copies of the Complaint to no less than five Huawei representatives.

No legal authority supports the position that *formal* service must be attempted before alternative service may be necessary. To the contrary, in *Rio Properties*, the Ninth Circuit directly rejected the argument that Huawei is advancing here by concluding that, as long as the service ordered comported with due process, special forms of service may be authorized "even if other methods of service remain incomplete or unattempted." *Rio Properties*, 284 F. 3d at 1015; *see also Merrimack Mut. Ins. Co. v. New Widetech Indus. Co. Ltd.*, 2020 WL 5879405, at *1 (D. Conn. October 2, 2020) (quoting *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015)); *Group One Ltd. v. GTE GmbH*, No. 20-CV-2205, 2021 WL 1727611, at *11–16 (E.D.N.Y. Feb. 3, 2021).

Trial courts have authorized a variety of service methods for service on foreign defendants, including "delivery to the defendant's attorney." *Rio Properties*, 284 F. 3d at 1016. The Constitution does not require any particular means of service on foreign defendants, only that a method be "reasonably calculated to provide notice and an opportunity to respond." *Id.* at 17.

In short, Huawei's entire argument is built on a faulty premise that stands rejected by Ninth Circuit precedent. Huawei is attempting to unilaterally circumvent Rule 4(f)(3) by feigning acceptance of service only *after* being served with a motion seeking alternative service, and even the feigned acceptance runs contrary to the Federal Rules because the rules expressly require a plaintiff to file a waiver before Rule 4(d) can apply. Fed. R. Civ. P. 4(d)(4). The facts of this case confirm that alternative service of Huawei's U.S. counsel is appropriate, and NETGEAR respectfully requests that the Court enter such an order.

**B.     Federal Rule 4(F)(3), Not An Isolated Desire For A Faster Schedule, Necessitates An Order Of Service Through Alternative Means**

As discussed above, Rule 4(d) is permissive, and nothing requires NETGEAR to agree to proceed through the waiver of service provisions. *Supra* at 4. Given the permissive nature of the rule, Huawei's legally unsupported contention that alternative service cannot be ordered because NETGEAR did not seek a waiver of service is incorrect. Opp. Br. at 10; s*ee Budget Rent A Car Sys.*, 2005 WL 1106335, at *3 ("[The plaintiff] correctly points out that Fed. R. Civ. P. 4(d) does not require it to utilize waivers of service."). As such, *Tevra Brands LLC v. Bayer Healthcare LLC*, No. 5:19-cv-4312, 2020 WL 3432700 (N.D. Cal. June 23, 2020), relied upon by Huawei (Opp. Br. at 10), is inapposite and not relevant here.

Huawei is again wrong for several reasons that "[g]iven Huawei's waiver of service under Rule 4(d), Netgear's only basis for requesting relief is to shorten the time for Huawei to respond." First, NETGEAR filed its request for alternative service *before* Huawei's fake waiver. Second, Huawei has not effectively waived service under Rule 4(d) because that rule (1) requires the request to come from a plaintiff, and (2) separately requires the filing of any waiver by plaintiff before Rule 4(d) can apply. Fed. R. Civ. P. 4(d)(1) and 4(d)(4).

In sum, Huawei cannot contrive a fake waiver of service that fails to comport with the Federal Rules to manufacture an argument that the unfiled and procedurally incorrect "waiver" somehow entitles it to a 90-day delay[3] in responding to

---

[3] The literal language of Rule 4 disproves Huawei's request for 90 days to respond. The court addressed this issue previously, noting that "Rule 4(d)(3)'s plain text easily resolves the parties' dispute. The Rule provides that a defendant only has 90 days to respond to a complaint if the waiver of service "was **sent to the defendant** outside any judicial district of the United States." Fed. R. Civ. P. 4(d)(3). Here, no waiver of service was sent to Huawei. At best, even if Rule 4 does apply, which it does not, 60 days from waiver would be the maximum permissible extension under Rule 4. *See Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*, No. 5:14-CV-00549-ODW, 2014 WL 2511282, at *3 (C.D. Cal. June 4, 2014).

NETGEAR's Complaint. Rule 4(f)(3) exists to ensure that alternative methods of service can be utilized where, as here, the particularities and necessities of a case require something other than formal service. The facts here confirm that alternative service of Huawei's U.S. counsel is appropriate, and NETGEAR respectfully requests that the Court enter such an order.

## IV.  CONCLUSION

For the foregoing reasons, NETGEAR respectfully seeks an order permitting NETGEAR to serve Huawei via hand delivery, email, or registered or certified mail to its U.S.-based counsel, including counsel that has now appeared in this case.

Dated: April 12, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　SPENCER FANE LLP


By: /s/ Theresa C. Becerra
　　Blair M. Jacobs
　　Christina A. Ondrick
　　John S. Holley
　　Theresa C. Becerra

*Attorneys for Plaintiff*
NETGEAR, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, certify that on the date signed below, I caused the foregoing document to be served on the following individuals via CM/ECF at the following email addresses:

1. Kalpana Srinivasan, ksrinivasan@susmangodfrey.com
2. J. Hoke Peacock III, tpeacock@susmangodfrey.com
3. Shawn L. Raymond, sraymond@susmangodfrey.com
4. Michael Gervais, mgervais@susmangodfrey.com

I, the undersigned, further certify that on the date signed below, I caused the foregoing document to be served on the following individuals via electronic mail at the following email addresses:

5. Hunter Vance, hvance@susmangodfrey.com
6. Larry Liu, lliu@susmangodfrey.com
7. Julia Risley, jrisley@susmangodfrey.com
8. Katherine Peaslee, kpeaslee@susmangodfrey.com
9. Steve Seigel, sseigel@susmangodfrey.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of April, 2024, at Santa Monica, California.

By:     /s/ Theresa C. Becerra
        Theresa C. Becerra